JESSE F. MORSE *vs.* HOMER'S INC.

Suffolk.    April 7, 1936. — November 7, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Bailment. Negligence,* Of bailee, In care of jewelry. *Proximate Cause. Practice, Civil,* Appellate Division: report, establishment of report.

A jeweler, receiving a valuable ring to sell and to retain for himself from the sale price all above a fixed amount, was a bailee for hire, and was under obligation to the bailor to exercise reasonable care in custody of the ring, the fact that it was valuable being an element to be considered in determining the amount of vigilance required of him.

Evidence, that a jeweler, a bailee for hire of a valuable diamond ring which was stolen from his show window by armed robbers, had placed the ring in a conspicuous place in the show window, which was easily accessible to robbers from the inside of the store, that the bailor had criticised him respecting the conditions in the store, and that twice before the store had been robbed, warranted a finding of negligence of the jeweler and a finding that his negligence was the proximate cause of the loss.

No reversible error appeared in the denial by an appellate division of a petition to establish a report where the appellate division, without finding the truth or falsity of the facts alleged in the petition, placed its denial on the ground that its conclusion on such report if established would be the same as that reached on the trial judge's report, and a comparison of the reports showed no substantial difference between them.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated March 25, 1935.

The action was heard by *Burke,* J., who found for the plaintiff in the sum of $2,500. A report to the Appellate Division was ordered dismissed, and a petition by the defendant to establish a report was denied. The defendant appealed.

*R. B. Owen,* (*A. S. Lawrence* with him,) for the defendant.
*F. R. Mullin,* (*G. I. Kellaher* with him,) for the plaintiff.

DONAHUE, J. The plaintiff brought an action in contract or tort in the Municipal Court of the City of Boston seeking to recover the value of a ring entrusted to the

defendant, a corporation which is engaged in the retail jewelry business with its place of business on Tremont Street in Boston. The trial judge found for the plaintiff on a count in tort and reported "rulings and refusals to rule as requested" to the Appellate Division where an order was entered dismissing the report.

The defendant filed the following requests for rulings: "1. If the defendant received the ring as a bailee for hire, then, provided without its negligence, said ring was lost in a robbery of the defendant's store, the defendant is not liable. 2. If the defendant was a bailee for hire of the ring, the plaintiff cannot recover on the count in tort without proving negligence on the part of the defendant, the defendant not being an insurer of the ring." The trial judge indorsed on the first request "Denied. See finding of fact" and on the second request "Denied. I find the defendant negligent." He made the specific finding of fact "I find that the defendant did not use the ordinary care in safeguarding the ring which plaintiff left with the defendant."

The defendant also filed a written motion stating that the defendant moved that "as a matter of law a finding in its favor be entered on the . . . [count in tort], and for reason thereof assigns the following: There is no evidence of negligence on the part of the defendant in the care and custody of the said ring." The statute and the rules of the Municipal Court contemplate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. G. L. (Ter. Ed.) c. 231, § 108. Rule 28 of the Municipal Court of the City of Boston (1932). See also *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 271. But if we treat the motion as such a request we think it and the two requests for rulings were rightly denied by the trial judge.

The plaintiff purchased from the defendant a diamond ring for $2,000. At a later time the plaintiff delivered the ring to the defendant under an agreement that the defendant would undertake to sell it and obtain $2,000 for the plaintiff, retaining everything received above that

amount as its profit in making the sale, and that the defendant would return the ring on the plaintiff's demand at any time before a sale was made. Under this agreement there was a bailment for the mutual benefit of the parties, the contingent benefit accruing to the defendant in the event of a sale being sufficient to constitute the transaction a bailment for hire. *Newhall* v. *Paige,* 10 Gray, 366.

By receiving the plaintiff's ring under that agreement the defendant became obligated to exercise the quality of care in its custody of the ring which a reasonably prudent and careful man would use with respect to his own property of a similar nature. *Rourke* v. *Cadillac Automobile Co. of Boston,* 268 Mass. 7, 8.

A few weeks after the agreement of bailment was made armed robbers entered the store of the defendant one afternoon while business was there going on. They carried away only jewelry which was in the show window facing the street. There were in the show window three trays of jewelry, the center one containing the best merchandise. The plaintiff's ring was on that tray. It was the most valuable piece of jewelry stolen, the one next in value being worth less than $1,000 and the majority of the pieces taken being worth less than $300.

The show window from which the plaintiff's ring was stolen was closed off from the interior of the store by a partition of wood and glass. There was a door in this partition through which access could be had from inside the store to the show window. The door was provided with a lock and key, but at the time of the robbery the door was not locked. Just inside the street door there was a short passageway along the rear of the partition leading to an aisle used by employees while working behind a show case. There were no screens or gratings around the show window. A person in front of the show window could see the door in the rear partition and tell whether or not it was open. There was a safe in the defendant's store. During the negotiations for the purchase of the ring from the defendant the plaintiff had occasion to examine the ring and on several such occasions it was brought by the de-

fendant's employees from the safe.  There was evidence
that the plaintiff knew of the conditions in the store and
had criticised them to the head of the defendant's diamond
department.  There is nothing in the report indicating that
the plaintiff ever knew that the defendant displayed his
ring in the show window.

There was evidence that on two prior occasions the de-
fendant had suffered loss by theft.

All the circumstances in a case are to be considered in
determining the quality of the care which should be fur-
nished by a bailee.  One of the elements to be considered
is the value of the subject of the bailment.  The greater
its value the greater should be the vigilance of the bailee.
It has been said that a bailee's "care and diligence are to
be proportional to the value of the goods, the temptation
and facility of stealing them, and the danger of losing
them."  *Tracy* v. *Wood*, 3 Mason, 132, 134.  See also
*Preston* v. *Prather*, 137 U. S. 604.  The plaintiff's ring was
valuable.  It contained a diamond of more than five carats
set in a mounting surrounded by thirty-six diamonds.  It
was obviously conspicuous in the show window where the
defendant placed it.

The fact that such a ring was displayed in the show
window unprotected by screens or gratings or similar safe-
guards and that access to the show window could be readily
gained through the door in the partition was apparent
from the street to one thievishly inclined.  A casual visit
by such a person to the inside of the store would disclose
the facility with which the contents of the show window
could be reached and the ease with which a robber might
make his escape.  When the ring was owned by the de-
fendant it had been kept at least part of the time in the
safe.  The plaintiff's criticism of conditions in the store had
no effect.  At the time of the robbery the door in the par-
tition was not locked.  There had been two prior thefts in
the store.  In all the circumstances appearing, a majority
of the court is of the opinion that the specific finding of
the trial judge that the defendant was negligent cannot be
said to have been unwarranted.  *Brown* v. *Waterman*, 10

Cush. 117. *Conway Bank* v. *American Express Co.* 8 Allen, 512. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44. *Hayes* v. *Maykel Automobile Co.* 234 Mass. 198. *Doherty* v. *Ernst,* 284 Mass. 341.

The defendant contends that although a bailee may be liable when the subject of the bailment is stolen by stealth, he is not bound to anticipate the likelihood of its being stolen by robbery. The cases cited do not support such a distinction. *Carini* v. *Roman Catholic Bishop of Springfield,* 219 Mass. 117. *Slater* v. *T. C. Baker Co.* 261 Mass. 424. *Horan* v. *Watertown,* 217 Mass. 185. They apply the rule that the test of liability in negligence is the foreseeability of an event which takes place resulting in harm or damage. Whether the criminal act of a third party which results in the loss of the subject of a bailment is thievery by stealth or robbery by force, a bailee is not relieved from liability under his obligation if he should have apprehended and guarded against the occurrence of such act. Am. Law Inst. Restatement: Torts, §§ 448, 449.

The defendant contends that even if it could be found to have been in some respects negligent in the care it took of the plaintiff's ring there was not a causal relation between such negligence and the loss of the ring. That such loss would not have resulted were it not for the act of a third party does not prevent a causal relation being found. *Morrison* v. *Medaglia,* 287 Mass. 46. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44. Am. Law Inst. Restatement: Torts, § 449. The finding was here warranted that the taking of the plaintiff's ring from the show window where the defendant saw fit to leave it, by the criminal act of a third person, was something which the defendant could and should have foreseen. It was not necessary that the defendant should have foreseen the precise manner in which a theft might be accomplished. *Hill* v. *Winsor,* 118 Mass. 251. *Ogden* v. *Aspinwall,* 220 Mass. 100, 103. *Perlman* v. *Burrows,* 270 Mass. 182. If there was a foreseeable risk which should have been but was not guarded against by the defendant and that event happened, the finding of a causal relation was warranted. The trial

judge was justified in the present case in finding such causal relation. There was no error in the refusal to give the defendant's requests for rulings.

The defendant, on the same day that the trial judge filed his report, filed in the Appellate Division a petition to establish a draft report. There was a hearing and the Appellate Division entered the order "Petition denied." An examination of the opinion filed in the Appellate Division indicates that the ground of denial was that if the draft report were established the conclusion reached by the Appellate Division would not be different. The defendant has appealed from the denial of its petition.

The truth or falsity of facts alleged in a petition to establish a draft report can be determined only by the Appellate Division. *Cohen* v. *Berkowitz*, 215 Mass. 68, 70. An appeal from an order denying such a petition gives this court no power to determine whether the facts alleged in the draft report are false or true. *Burick* v. *Boston Elevated Railway*, 293 Mass. 431. *Squires* v. *Toye*, 291 Mass. 342.

In the present instance, the Appellate Division did not determine the truth or falsity of the facts stated in the draft report. It held that if the draft report set out in the petition was established in the form presented, its conclusion would not be contrary to the conclusion it reached on the report made by the trial judge. We have compared the two reports and are satisfied that the differences are not significant and that whether the draft report of the defendant or the report signed by the judge be accepted as true makes no difference in the result. *Cohen* v. *Berkowitz*, 215 Mass. 68, 71.

In the opinion of the majority of the court the entries should be

*Order denying petition affirmed.*
*Order dismissing report affirmed.*