The admission of the question and answer was prejudicial error.

In accordance with the stipulation the finding for the plaintiff is ordered vacated and judgment is to be entered for the plaintiff in the amount of $59.50 damages and costs.

---

No. 966          Southern                    Plymouth, ss.
HASKELL                                       (W. Prince)
v. GREENWOOD                          (W. G. Cogan)
and GREENWOOD
v. HASKELL

From the District Court of Brockton—McLeod, J.
Argued Feb. 11, 1942—Opinion filed Mar. 4, 1942

BRIGGS, J. (Estes, A. P. J. & Rollins, J.)—These are cross actions which were tried together, and come to this Court on a consolidated report.

Upon the conclusion of the introduction of evidence counsel for Greenwood presented the following motion in the case of Haskell v. Greenwood:

"Now comes the defendant in the above entitled cause and moves that the Court find for the defendant."

In the case of Greenwood v. Haskell he presented this motion—

"Now comes the plaintiff in the above entitled cause and moves that a finding be made for the plaintiff in the sum of three hundred dollars ($300.00)."

Both motions were denied by the Court, and Greenwood, claiming to be aggrieved thereby requested this report.

It is to be noted that no specifications were filed and no

questions of law are properly before us. The rules of the District Courts contemplate that the basis of a report to the Appellate Division shall be requests for rulings and not motions. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268. *Morse* v. *Homer's Inc.* 295 Mass. 606.

We have examined the report, however, and can add that there was evidence before the trial court to support its findings. At most the motions could be construed only as raising this question. We find no error, and the entry in each case will be,
Report dismissed.

No. 957            Southern            Norfolk, ss.
BROWN                              (James P. Callahan)
v. TROY                            (Samuel S. Lowen)
    From the Municipal Court of Brookline—Comerford, J.
        Argued Dec. 10, 1941—Opinion filed Jan. 26, 1942

ROWE, J. (Estes, A. P. J., and Rollins, J.)—This is an action for conversion of a motor vehicle (a hearse) which is brought by the conditional vendee thereof against the conditional vendor, who had repossessed and sold the vehicle. The trial judge found for the defendant. The plaintiff claims to be aggrieved by the denial by the court of the following request, "In order for the 15 day period of redemption to run against an owner of a motor vehicle under G. L. 255, sec. 11 he must be notified by the owner of the conditional bill of sale or his duly authorized agent that the motor vehicle has been taken and is being held for breach of condition."

The special findings of the court (and which were warranted by the evidence) included the following:

"The plaintiff did not pay the 1st payment on December 15, 1940. The defendant, on an unknown date assigned the note and contract to the Union Finance Co., hereafter referred to as the Finance Co., of Piqua, Ohio, which on December 30, 1940, wrote the plaintiff requesting payment of the December 15, 1940 note. The plaintiff did not pay the $25.00 due on Jan. 15, 1941, but gave the defendant $19.99 on Feb. 1. This was the only payment made by the plaintiff. The defendant paid the 1st two payments to the Finance Co. on Feb. 4, 1941. The plaintiff did not pay the $25.00 due on Feb. 15. The attention of the plaintiff was called to his failure to pay the payments due both by the defendant and the Finance Co. on many occasions. The Finance Co. on March 1, 1941, assigned the said note and contract to the defendant. The section No. 6 of the contract provides for repossession without notice on default of the purchaser. The defendant repossessed the Hearse on March 4, 1941, in the plaintiff's presence, after asking the plaintiff for payment of the "full amount due," to which the plaintiff answered he

[ 59 ]