Rollins, J.
This is an action of tort for personal injuries. The plaintiff was a tenant at will of the defendant *113 in a three-tenement dwelling house. There was an uncovered stairway leading from the rear of the building, at the level of the first floor, to a concrete walk which led to the street. This was a common stairway used by all the tenants, and was under the defendant’s control.
It was one of the agreed terms of the letting to the plaintiff that the defendant would remove snow and ice from the steps and walk above described. On December 31,1939 the plaintiff left her apartment on the third floor to go out by the back way. She noticed that the steps referred to were snowy and that the ice and snow had not been removed. She started down the steps slowly, while holding the rail, and when at about the third step from the bottom, slipped and fell injuring herself.
At the conclusion of the plaintiff’s case, and before argument, the defendant filed a written motion that the court find for the defendant on the ground that the plaintiff’s action, as disclosed by the evidence, was in contract and not in tort.
This motion was denied; the trial judge found for the plaintiff and reported the case to this Court.
The Report stated that “the defendant seasonably reserved her rights to the action of the Court.” We believe that the defendant has not properly reserved her rights and therefore no questions of law are properly before us. No requests for rulings were filed. The rules of the District Courts contemplate that the basis of a Report to the Appellate Division shall be requests for rulings and not motions. Holton v. American Pastry Products Corp., 274 Mass. 268. Morse v. Homer’s Inc., 295 Mass. 606.
No injustice will be done the defendant. The plaintiff could have amended his declaration to sound in contract *114 and thus conform to the evidence. We have examined the Report and can say that there was evidence to support the findings.
Report dismissed.