MALCOLM G. STEVENS *vs.* ST. BOTOLPH HOLDING COMPANY.

Suffolk.    April 7, 1942. — May 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Bailment.  Practice, Civil,* Findings by judge; Appellate Division: report.

On a report by a Municipal Court judge which, although stating that it contained "all the evidence material to the decision of the questions reported," did not in fact contain any of the evidence at the trial, findings made and reported by the judge and stated by him to have been warranted by the evidence must stand.

The proprietor of a garage, bailee for hire under a contract of bailment found to have covered not only an automobile but articles in a locked compartment therein, was liable to the bailor where negligence of the proprietor permitted a theft of the articles from the automobile.

CONTRACT OR TORT.    Writ in the Municipal Court of the City of Boston dated March 6, 1941.

The case was heard by *Putnam*, C.J.    The defendant's second, third, and fourth requests for rulings were as follows: "2. The defendant was under no duty to safeguard or protect articles of personal property left by the plaintiff in his automobile.  3. The defendant would be liable to the plaintiff for the loss of or damage to an article or articles of personal property left by the plaintiff, under the facts and circumstances here disclosed, only if it acted in bad faith or was guilty of gross negligence.  4. The plaintiff, when he stored his automobile with the defendant, left articles of personal property in it at his sole risk."

In this court the case was argued at the bar in April, 1942, before *Field*, C.J., *Donahue, Dolan, Cox, & Ronan*, JJ., and

after the retirement of *Donahue* & *Cox*, JJ., was submitted on briefs to *Lummus, Qua, Wilkins,* & *Spalding*, JJ.

*H. W. Corbett*, for the defendant.

*W. W. Risk*, for the plaintiff.

WILKINS, J.   The plaintiff had a finding on a count in contract against the operator of a public garage, which, it was alleged, became bailee for hire of the plaintiff's automobile, and negligently permitted it to be broken into and various articles to be stolen.   The Appellate Division dismissed the report, and the defendant appealed.

The only questions arise out of denial of the defendant's requests for rulings.   The report stated, "At the trial there was evidence which warranted the following findings of fact which I expressly make."   The judge then set forth the facts as to how the plaintiff left his automobile, which contained in its locked rear compartment several hundred small aluminum castings, two sheets of aluminum, a radio, and a spare tire, tube, and rim, at the defendant's garage.   The report proceeded: "I find that the plaintiff intended to, and did, entrust his car and its contents to the custody of the defendant, and the defendant, knowing that the car contained personal property of value, accepted custody of both the car and its contents as a bailee for hire.   I find that the plaintiff did not rely solely on the lock of the rear compartment to protect his property.   He relied also on the care and protection of the defendant and its employees, and the defendant knew it.   I find that the plaintiff's car was broken into, and the personal property stolen, through negligence on the part of the defendant's employees."   These findings must stand for two reasons.   (1) Notwithstanding the statement, "This report contains all the evidence material to the decision of the questions reported," no evidence is in fact reported.   See *Frankina* v. *Salpietro*, 269 Mass. 292, 295.   (2) The report states that the findings were warranted by the evidence.   The defendant's requests numbered 5, 6, and 7 depended upon evidence, and, accordingly, their denial shows no error.   The same is true of request numbered 1, which was in effect a request for a finding, contrary to what the judge actually found, that there was no contract of bail-

ment as to the stolen articles. The defendant, as bailee for hire of the automobile and its contents, was bound to exercise due care in order to return them to the owner in as good condition as received. *Doherty* v. *Ernst,* 284 Mass. 341, 344. *Kennedy* v. *B. A. Gardetto, Inc.* 306 Mass. 212, 216. *Sandler* v. *Commonwealth Station Co.* 307 Mass. 470. The findings bring not merely the automobile but all the stolen articles within the contract of bailment, and were not limited, as in *Rogers* v. *Murch,* 253 Mass. 467, to a bailment of the automobile and equipment. *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251, and other cases the defendant cites, where the findings were otherwise, are clearly distinguishable. The defendant's requests numbered 2, 3, and 4, seeking rulings based on statements inconsistent with the duty owed as bailee for hire of the personal property, were rightly refused.

*Order dismissing report affirmed.*