Carr, J.
This is an action of tort in which the plaintiff seeks to recover damages for the loss, through the alleged negligence of the defendant, of articles left between the front and back seats and on the back seat of his car which he stored for hire in the defendant’s garage, on the ground that the defendant was also the bailee for hire of the articles left in the car.
The only evidence on the subject of the bailment of the articles is that the plaintiff stored his automobile in the defendant’s garage paying therefor at the daily rate of storage; that he left the car on the fourth floor of the garage; that at that time he asked the attendant if he could lock the car and was told that he could and that he did lock it and retain the key.
The evidence does not show whether the plaintiff or the attendant placed the car in the storage place; whether the attendant came near the car; or whether the light or other conditions were such that he could see the articles. There is nothing to show that the attendant had any knowledge *218 that the car contained the articles on the back seat or between the seats.
The plaintiff relies on the case of Stevens v. St. Botolph Holding Co., 316 Mass. 238. In that case the trial judge found on evidence, which according to the report, warranted the finding, that the defendant knowing that the car contained personal property of value, accepted custody of both the ear and its contents as bailee for hire.
There is no such evidence in the pending case. A garage man without his knowledge or consent cannot have the liability of a bailee thrust upon him. A bailment must be based on consent express or implied. The trial judge was right in denying the plaintiff’s second and third requests on the ground that there was no bailment. No other questions were argued by the plaintiff. The pending case is controlled by the decision in D. T. Schulte, Inc. v. North Terminal Garage Co., 291 Mass. 251. Report dismissed.