*Municipal Court of the*
*City of Boston*

No. 307255

## EDWIN FIRESTONE et al

### v.

## JORGE EPSTEIN

(June 20, 1952)

RILEY, J. This action sounding in both contract and tort seeks reimbursement to the extent of $210.00 which represents the amount the plaintiff paid to a customer because of the loss of an article of jewelry that had been left with him to be repaired.

There was evidence that the plaintiff, a jeweler, received from a customer, a platinum bar-pin containing sapphires with a stone missing, to have the pin repaired; that incidental to said repair the plaintiff had delivered the bar-pin to the defendant to have him cut and insert a stone therein; that the defendant then sent the bar-pin to still another man, a stone-cutter named Alsterlund, who has never returned the bar-pin; and that said Alsterlund has moved from this Commonwealth to the State of California.

[15]

There was also evidence that the plaintiff expected that defendant would repair the bar-pin and never expressly authorized the defendant to turn the bar-pin over to any other person. There was no evidence that the defendant expressly stated tha he would return the bar-pin to the plaintiff.

The trial judge found for the plaintiff in contract.

The defendant properly filed fourteen requests for rulings of law. Those numbered 1, 4, 6, 7, 8 and 9 having been granted, do not require our attention. Those numbered 2, 10 and 11, although not specifically endorsed granted, were in fact granted by the wording of the endorsement, "warrented but not required." They were very loosely handled, but we believe not open to doubt. All of the foregoing requests having been granted, the defendant cannot be aggrieved thereby, it being settled that a party cannot be aggrieved by the granting of the rulings that he asked for. Those requests were made by the defendant and he has no right to complain that they were granted. If, after the general finding for the plaintiff had been made, the defendant thought that there was an apparent *inconsistency* to be corrected the proper method to pursue was a motion for its correction, brought to the attention of the trial judge. *DiLorenzo* v. *Atlantic National Bank of Boston*, 278 Mass. 321.

This brings us to the three requests which the trial judge denied, namely number 3, 5 and 13.

Request Number 3. "Upon all the evidence, there is not sufficient evidence to warrant a finding of an agreement on the part of the defendant to enlarge his liability." This request asks for a ruling that there is insufficient evidence to warrant a finding of an agreement on the part of the defendant to enlarge his liability. Suffice to say that the report recites that there was no evidence of such an agreement.

Request Number 5. "In an action against a bailee for his failing to return goods, plaintiff must prove bailee's negligence, whether action be in contract or in tort." This request being a correct statement of law, should have been granted. *Willett* v. *Rich*, 142 Mass. 356; *Morse* v. *Homer's, Inc.* 295 Mass. 606; *Lichtenhein* v. *Boston & Prov. RR*, 11 Cush. 70;

*Cass v. Boston & Lowell RR*, 14 Allen 448; *Jenkins* v. *Bacon,* 111 Mass. 373.

Request Number 13. "There is no evidence to warrant a finding for the plaintiff on any Count in the plaintiff's declaration." This request was properly denied.

This report contains evidence warranting a finding for either the plaintiff or the defendant, depending on the credibility attached by the trial judge acting in accordance with correct principles of law. Believing, as we do, that error has been committed and that a new trial must be had, no useful purpose will be served by discussing the report at further length, except to observe that the form of report is not such as to be commended.

While the trial judge may have reached the correct decision in spite of everything, he might just have readily reached a wrong decision due to the incorrect rulings. We do not consider these rulings to be in the category of harmless error.

*New trial ordered.*

E. R. Trafton for plaintiff.

Carl D. Epstein for defendant.