*Municipal Court of the*
*City of Boston*

No. 196309

## FLORENCE WILKINS

v.

## FIRST FRANKLIN PARKING CORPORATION

Argued: Nov. 8, 1968   Decided: Nov. 19, 1968

2

*Present:* Adlow, C.J. Shamon & Morrissey, J.J.
Case tried to —— J.

*Adlow, C. J.   Action of tort to recover for
damage* to an automobile while it was parked
in the garage of the defendant.

*There was evidence that* on March 7, 1966 the
plaintiff drove her car into the defendant's
parking garage. She stopped at the front en-
trance, received a parking ticket and then pro-
ceeded into the garage and parked her car. She
left her keys in the vehicle, because she did not
have a space up against the wall. She then
left the garage by a pedestrian door leading
into Franklin Street. This door was unlocked
and was used by patrons to enter and leave
the garage. There was no attendant at this
door. Later in the day she returned to the
garage by the same door thru which she left.
She discovered that her car had been moved,
and that it had damage on the right side and
right front. She went up one flight to report
the damage to the attendant. The attendant
advised her that someone tried to steal her
car but crashed. There was evidence that as
a result of the damage the car was depreciated
$400. in value.

*There was further evidence that* there was
only one exit for a vehicle to leave the garage,
which exit was guarded by an attendant. *There
was evidence* by the plaintiff that the attendant
told her that a young man was attempting to

steal the car and smashed it; that he was chased by the attendant and escaped.

The defendant requested the court to rule that "in order for the plaintiff to recover the plaintiff must show that the negligence of the defendant or its agents, servants, or employees proximately caused the plaintiff's damage; that there has been no showing of negligence on the part of the defendant —————— and therefore the plaintiff has failed to prove a prima facie case." The court denied this request and made these findings of fact:

> "I find that the plaintiff's car was damaged as a result of persons unknown striking the car and damaging it and abandoning it. I further find that there was evidence of an unlocked door on Franklin Street through which anyone could gain access to the garage. I further find that the bailee for hire was negligent in not providing that care that the ordinary bailee is required to provide and that such failure was the proximate cause of the damage to the plaintiff's property."

There was a finding for the plaintiff. Being aggrieved by this ruling and the findings, the defendant brings this report.

The plaintiff's right to recover depends on the nature of the defendant's undertaking. As a bailee for hire the defendant's obligation was to use due care with respect to the car. *Stevens* v. *St. Botolph Holding Co.*, 316 Mass.

238, 240. He was not in any sense an insurer of the car committed to his care. *Hanna* v. *Shaw*, 244 Mass. 57, 59. The caution he exercised must be consistent with the importance and seriousness of his responsibility as a care taker. *Morse* v. *Homer's Inc.*, 295 Mass. 606, 609. Guided by these principles can we say that the defendant failed in its undertaking to the plaintiff? The facts in issue differ markedly from those in the case of *Greenberg* v. *Shopper's Garage Inc.*, 329 Mass. 31. Where the defendant's agents received notice at time bailment was created that the car entrusted to the defendant contained a valuable shipment of furs. From the evidence, thieves broke and entered the car that was parked in one of the upper stories of the garage and removed the contents of the car and carried it away. On these facts a finding for the plaintiff was sustained. But these facts differ radically from the facts under review.

In the instant case the garage of the defendant had only one exit by which a vehicle could leave. This exit was under surveillance of employees of the defendant. While it is true that patrons could enter or leave the garage through a door leading to Franklin Street, this fact in and of itself would not amount to negligence even though the door was unattended. What is significant in the cause under review is (1) the fact that the plaintiff left her key in the car (2) that she had not been requested

by the defendant's agent to leave the key in her car (3) that the defendant's agent actually came upon the unknown thief who was attempting to steal the car while the car was in the garage and actually prevented him from stealing it. All the *conceded facts* contradict the theory on which the plaintiff relies — to wit — that the damage to the plaintiff's car was the consequence of the defendant's failure to use proper care in protecting the plaintiff's car. We are not prepared to say that there is a duty on every garage owner to keep an attendant at every door.

Nor are we prepared to say that one who leaves a key in the ignition of a car is in a position to complain if one by stealth sets it in motion. The problem of this court might be more serious if the culprit had driven away. In those circumstances the question of negligence might have been an open one. *Hanna* v. *Shaw*, 244 Mass. 57. But in this cause the defendant's agent apprehended the thief in *flagrante delicto*, and he fled. No one will seriously contend that there was a duty on the defendant to maintain continuous surveillance over cars under its custody.

In our opinion the facts in the cause under review are much more favorable to the defendant than in the case of *Soutier* v. *Kaplow*, 330 Mass. 449, where a finding in favor of the defendant was sustained.

The court erred in finding for the plaintiff.

**Finding for the plaintiff vacated. Finding to be entered for the defendant.**

MICHAEL E. GOULD
  of Boston for the defendant