*Municipal Court of the City of Boston*
No. T-22979

## ALFRED J. RICHARD

v.

## MASSACHUSETTS PORT AUTHORITY

Argued: June 4, 1971 - Decided: June 10, 1971

*Present:* Adlow, C. J., Morrissey, J.
Gorrasi, Spec. J.

Case tried to *Gillen, J.*

**Adlow, C. J.** Action of tort to recover for the loss of an automobile parked in a facility of the Massachusetts Port Authority at the Logan Airport Parking Garage.

**There was evidence that** on July 31, 1968, at about 7:00 A.M. the plaintiff brought his car to the Logan Airport Parking Garage in East Boston, received a claim check which was emitted from a machine as he entered, and then proceeded to the second level of the garage facility where he parked his car in Row 5 of the second level. He locked his car and took his parking ticket with him. This parking ticket was 2½ x 5 inches in dimension and on it was printed the following:

"CLAIM CHECK
PARKING CONTRACT —
PLEASE READ

We are not responsible for the car, its accessories or contents while parked in our lot. Customer cars are driven by our employees only at owners' risk. No employee

has any authority to vary or increase our liability''.

After travelling to Hong Kong the plaintiff returned on August 4, 1968 at 8:30 P.M. and the car was gone. He thereupon reported the disappearance to the management which reported the matter to the State Police. The car has never been located.

For at least three or four weeks prior to the disappearance of the plaintiff's vehicle an average of 20 vehicles per week were stolen from this parking garage. The vehicle left by the plaintiff was a 1966 Cadillac Sedan, motor number N6194918, which had a fair market value of $3,705.

The plaintiff testified that he did not read the printed matter on the back of the ticket received by him at the time he brought the car into the parking facility, and the court so found.

At the close of the evidence the defendant requested the court to rule that:

(2) Upon all the evidence a finding for the defendant is required.

(7) There is no evidence to support a finding of negligence on the part of the defendant, its servants, agents, or employees.

(8) The plaintiff has not sustained the burden of proof.

(11) There is no evidence that the defendant was a bailee for hire.

These requests were all refused. The court

found for the plaintiff, and being aggrieved the defendant brings this report.

■ As a general proposition, one who merely lets an automobile parking privilege is not a bailee of the parked car and is under no duty to guard against theft or fire. Williston on Contracts 4th Ed. Vol. 4, § 1065A. In this particular situation the custody and control remains in the owner of the vehicle, and the relationship between the lot owner and the auto owner is that of licensor and licensee. *Jones* v. *Donnelly,* 221 Mass. 213, 217. *R. H. White* v. *Remick,* 198 Mass. 41. But this type of relationship is limited to few situations. The householder who permits a neighbor to leave his car in his back yard provides a typical example. Aside from permitting a mere occupation of the land, the act involves no implied undertakings.

Nor will anyone seriously contend that a municipal parking authority which permits an automobilist to park his car at the curb upon inserting a coin in a parking meter, promises the automobilist anything more than that he will not be given a ticket for violating the parking laws. In such case the theft of a car while parked at such a meter would hardly raise any question of the parking authority's liability for the theft.

■ In similar fashion, where motels or business firms provide free parking areas in open lots in the vicinity of their establishments, the privilege, in the absence of express agree-

ment, carries no additional obligation on the motel owner or business man. The theory on which courts have acted in such cases is based on the fact that the retention of the keys by the owner, and the freedom of the owner of the car to come and go with his car at will, results in a situation where it would be unfair to even suggest that the owner of the lot be held responsible for the care and supervision of the car.

Because in all the situations described above the owners of the cars retain the keys to their cars the notion has taken root that where the keys to a parked car are retained by the owner the relationship between the lot owner and car owner is that of licensor and licensee. Unfortunately this is not always the case, and the failure to distinguish between these situations and those arising from dealings with parking garages and parking lots has led to much confusion as to the rights of the respective parties.

 Where a car has been brought into an enclosed area or structure which is under the control of one who, for a consideration, parks such car there is a duty on such operator to exercise a certain standard of care in the performance of his contract of bailment. The caution he exercises must be consistent with the importance and seriousness of his responsibility as a caretaker. He must use due care, *Morse* v. *Homer's Inc.*, 295 Mass. 606, 609, *Stevens* v. *St. Botolph Holding Co.*, 316 Mass. 238, and it is immaterial whether the keys are left in the

car, permitting the garageman to move the car about, *Butler* v. *Bowdoin Sq. Garage Inc.*, 329 Mass. 28, 30, *Hanna* v. *Shaw*, 244 Mass. 57, or the car is locked and the keys are retained by the car owner, *Stevens* v. *Steward Warner*, 223 Mass. 44. *Greenberg* v. *Shoppers Garage Inc.*, 329 Mass. 31. *Hale* v. *Mass. Park. Authority*, 1970 Adv. Sh. 1629, 358 Mass. ——.

In the light of these decisions the retention of the keys by the car owner will not preclude the car owner from recovering damages from the garage owner for damage resulting from a breach of the contract of bailment. As a bailee for a consideration, the garage owner is obligated to use the ordinary care of a man of common prudence in keeping the care entrusted to him. *Norway Plains Co.* v. *Boston & Maine R.R.*, 1 Gray 263. *Willett* v. *Rich,* 142 Mass. 356. *Hecht* v. *Boston Wharf Co.*, 220 Mass. 397. *Bellows* v. *Worc. Storage Co.*, 297 Mass. 192, 193. *Greenberg* v. *Shoppers Garage Inc.*, 329 Mass. 31. *Hale* v. *Mass. Park. Authority*, 1970 Adv. Sh. 1629.

 The garage operator is not an insurer, and the fact that the car was stolen raises no presumption of negligence. *Hanna* v. *Shaw*, 244 Mass. 27. If any finding for the plaintiff can be sustained in this cause it is only on the basis of such facts as would be sufficient to warrant a finding of negligence, and the fact that the

car is locked will not excuse the garage owner from exercising a surveillance over the vehicle while it is in his garage. In a world abounding with car thieves, locks and keys have only a symbolic significance. See *Hale* v. *Mass. Park. Auth.,* 1970 AS 1629.

In the cause under review, aside from the fact that the defendant operates a multi-level garage installation at the Logan Airport, for which parkers pay a parking charge, only one other item of evidence appears in the report which has a material bearing on the question of negligence. It appears in the report that, in the four weeks preceding the disappearance of the plaintiff's car, an average of twenty cars were stolen each week from the defendant's garage. One who maintains a garage under these circumstances has had ample notice of the hazards to which its patrons are exposed and owes a duty to so manage its affairs as to provide a measure of protection adequate for the challenge.

Knowing of the menace, it was under a duty to so organize its personnel and arrange its routines as to bring to a minimum the losses which its patrons were suffering. The weekly recurrence of the losses over a long period indicates that nothing of any consequence was done to accomplish this. Apparently the defendant put its faith in a reliance on the licensor-

licensee rule and failed to provide any protection for its patrons. It is only on this theory that the wholesale car thefts at the defendant's garage can be explained.

However, there was a real duty on the garage owner. Implicit in its invitation to the public to use its garage was an assurance that the installation was manned with an adequate staff capable of exercising surveillance over the cars stored there. What is more, the ticket taken by the car owner when he entered the garage permitted the assumption that before one could leave the garage a payment would be collected by an attendant. The car owner had a right to assume that the exits were guarded.

While it may be argued that the ingenuity of car thieves could not invariably be frustrated, the fact remains that the notorious conditions resulting in the loss of 20 cars a week by theft meant only that the defendant was very inefficient and careless in the management of its parking installation. There was ample evidence to warrant a finding of negligence. *Greenberg* v. *Shoppers Garage Inc.*, 329 Mass. 31, 35. *Bean* v. *Security Fur Storage Warehouse, Inc.*, 344 Mass. 674. *Hale* v. *Mass. Park. Authority*, 1970 Adv. Sh. 1629, 358 Mass. ——.

As for the clause exculpating the defendant from any liability for negligence, the court found as a fact that the plaintiff never

read the printed matter on the back of the ticket and considered the stub as a receipt which would enable him to regain the car when he returned. Being ignorant of the printed matter the court properly ruled that he was not bound by its provisions. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470, 472. *Kergald* v. *Armstrong Transfer Co.,* 330 Mass. 254, 256.

There was no error. **Report dismissed.**

BRIAN E. CONCANNON
of Boston for the Defendant

FRANCIS J. BOUSQUET of Boston for the Plaintiff cited *Hale* v. *Massachusetts Parking Authority,* 1970 AS where the plaintiff took a parking ticket, parked and locked his motor vehicle, retained the keys to it and it was held that the receipt by the defendant of the vehicle constituted a bailment and that its disappearance while in his possession without any explanation for its disappearance permitted a finding that the defendant was negligent. Also, he contended that the defendant was negligent in utilizing a system whereby anyone upon entering the garage could take a ticket from an unattended automatic machine, use that ticket to drive out of the garage any car parked therein and in this way steal it.