*Municipal Court of the City of Boston*
No. 203268
## FORBRO OF NEW YORK, INC.
v.
## HOTEL SOMERSET, INC., et al.
Argued: June 11, 1971. Decided: June 15, 1971

*Present:* Adlow, C.J., Canavan, Foster, JJ.
Case tried to *Elam, J.*

**Adlow, C. J.** Action of contract or tort brought against a hotel owner and its garage operator for failure to return a car stored with it. **There was evidence that** on December 7, 1967, Samuel P. Coffman, d/b/a Coffman Auto Parks, a public parking garage, accepted from the plaintiff a 1966 Cadillac sedan for the purpose of parking same. The car was driven to the defendant's garage by Kenneth Kupferberg, secretary of the plaintiff corporation. At the garage entrance he received a ticket from a time machine, and proceeded to park the car in a lined stall on level F of the garage. He locked the automobile and took his keys, after marking "Area F" on the back of the ticket which he had received. He testified he did not read the small print on the bottom of the ticket which stated:

> "The owner and operator are not responsible for loss or damage to automobile or personal property left in parked car."

The following evening, when Kupferberg returned for the car it was missing. The parking lot attendant at the garage helped search for the car, but it was not found, and the loss was reported to the defendant Hotel Somerset, Inc. for which the Coffman Auto Parks operates the garage. It may be material to the issues raised by this report to observe that it was customary for customers of the garage to pay their parking fees to an attendant as they drove out of the garage.

At the close of the evidence the plaintiff requested the court to rule that the defendant was a bailee of the car, and that the defendant was

negligent in not taking adequate precautions to protect the plaintiff's automobile. The court denied both of these requests and being aggrieved by the rulings and the finding for the defendant, the plaintiff brings this report.

 While it is true that the dispositions of many cases at the Appellate Division level of the District Courts have denied the character of bailment to such deliveries of cars as involved the locking of cars by owners and their retention of the keys, the authoritative rulings of our Supreme Judicial Court have not made this distinction, and have treated garage owners as bailees regardless of whether the owner of the car retained the keys or even locked the car and retained the keys. *Hanna* v. *Shaw*, 244 Mass. 56. *Butler* v. *Bowdoin Sq. Garage Inc.* 329 Mass. 28, 30. *Greenberg* v. *Shoppers Garage Inc.*, 329 Mass. 31. *Hale* v. *Mass. Park. Authority*, 357 Mass. ——— (1970).

In the case of *Richard* v. *Massachusetts Port Authority*, 22 LEGALITE 329, decided in this Division on June 10, 1971, the applicable rule was declared in conformity with the authoritative rulings of our Supreme Judicial Court as cited above. In accordance with this opinion it was error to refuse to rule that the entrustment of the car to the defendant in the cause under review was a bailment.

 As a bailee the defendant owed a duty of care, and the caution it exercises must be consistent with the importance and seriousness

of its responsibility as caretaker. *Morse* v. *Homer's Inc.,* 295 Mass. 606, 609. *Stevens* v. *St. Botolph Holding Co.,* 316 Mass. 238. The garage owner is not an insurer. The fact that the car was stolen raises no presumption of negligence. *Hanna* v. *Shaw,* 244 Mass. 27, and the burden is on the plaintiff to show sufficient evidence to warrant a finding of negligence.

The court having denied that the arrangement constituted a bailment, the question of negligence received little or no consideration by the court. For this reason the finding must be vacated and a new trial ordered. **Finding for defendant vacated. New trial ordered.**

EDWIN R. TRAFTON
 of Boston for the plaintiff.
JOHN D. HACKETT
 for the defendant.
No Brief was filed for the defendant Hotel Somerset, Inc.