*Municipal Court of the City of Boston*

No. 237836

## DONNA J. DEMONE

v.

## FITZ-INN AUTO PARKS, INC.

Argued: June 18, 1971. Decided: June 29, 1971.

*Present:* Adlow, C. J., Elam, J.
  Gorrasi, Spec. J.

Case tried to *Lewiton, J.*

**Elam, J.** Action of tort or contract to recover for the loss of an automobile parked in the Prudential Center Garage, the appellant, leased by Fitz-Inn Auto Parks, Inc.

There was evidence at the trial that on August 7, 1968 the plaintiff was the owner of a 1968 Pontiac Lemans, two door sedan, and she parked same in the defendant's garage at or about 8:30 A.M. that day. The plaintiff was a monthly parker and had been using the garage on a daily basis since May, 1968. As a monthly parker she displayed a decal on her vehicle and was issued a credit card by the Prudential Center Garage. When she entered the garage her usual practice was to take a ticket from a mechanical ticket dispenser and present the ticket with her credit card upon exiting. The credit card was run through a machine together with the ticket and stamped. The credit card was returned and the ticket retained by the attendant, which contained an imprint of the credit card so that it could be used for billing purposes.

On the day in question the plaintiff parked

her car in Basement G. After placing the credit card and ticket in the console located between the driver and passenger seats, she locked the car and took her keys with her. Neither the ticket nor the credit card in the console were visible from the outside. When she returned from work at 4:30 p.m. she discovered her car was not where she had parked it. With the help of another person she searched the entire garage, but could not find her car. She went to an office in the garage where she reported the incident to a Mr. Dougherty, who identified himself as the manager of the defendant corporation. He checked out the matter and later reported that whoever took the car had not used the credit card. He told the plaintiff that there has been a half dozen thefts from the garage during the preceding year.

The plaintiff testified that in her opinion the fair market value of the car at the time of the loss was $3,000.00 to $3,100.00.

At the close of the evidence the defendant requested that the court rule:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding for the plaintiff.

4. The evidence does not warrant that a bailment existed between the plaintiff and the defendant.

8. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.

These requests were all denied and the court found for the plaintiff.

■ The owner of a parking garage who, for a consideration, permits cars to be parked in his garage, enters into a contract of bailment with those who so use his premises, even in the case where the owner of a car locks the same and takes his keys with him. *Butler* v. *Bowdoin Sq. Garage, Inc.,* 329 Mass. 28, 30. *Greenberg* v. *Shoppers Garage Inc.,* 329 Mass. 31. *Hale* v. *Mass. Park. Authority,* 1970 Adv. Sh. 1629.

The Appellate Division of this court, in two recent opinions, *Richard* v. *Mass. Port Authority,* —— 22 LEGALITE 329, and *Forbro of New York* v. *Somerset Hotel Inc.,* 22 LEGAL-ITE 455, declared itself in conformity with our Supreme Judicial Court on the bailment issue raised in the parking garage cases. The instant case is on all fours with the aforementioned cases and so we hold that a bailment was created here between the plaintiff and the defendant.

■ As this Division has previously stated, the fact that a bailment exists does not make the garage-owner, the bailee, an insurer. Furthermore, the fact the car was stolen raises no presumption of negligence. *Hanna* v. *Snow,* 244 Mass. 21. The only evidence in the report of this case that goes to the question of negligence is the testimony of the plaintiff that she was told by the garage manager, Dougherty, that there had been a half dozen car thefts there in

the preceding year. This statement was admitted by the trial judge over the objection of the defendant who claims a report on the court's ruling.

It is discretionary with the trial court in our Commonwealth to admit or reject evidence of similar happenings in negligence cases. The alternative purposes for which such evidence may be offered include the following:

1. To prove the existence of the condition or situation from which harm allegedly resulted.
2. To show probability that injury to plaintiff was caused by a defective or dangerous condition.
3. To show that the situation had the capacity to produce or cause the harm alleged.
4. To show that defendant had knowledge or notice of the condition, danger or defect.

Wigmore on Evidence (3rd Ed.), 442, 457. *Robitaille* v. *Netoco Community Theatre of N. Attleboro Inc.,* 305 Mass. 265, 268. *Denton* v. *Park Hotel, Inc.,* 343 Mass. 524. *Williams, Adm.* v. *Holbrook,* 216 Mass. 239, 241.

The trial judge stated that he was admitting the statement relative to past thefts to show *knowledge* that prior thefts had occurred as bearing on the degree of care required on the part of the defendant. The admission of this statement was proper. Thus the court could find

that the defendant had ample notice of the hazards to which its patrons were being subjected. This court in *Richard* v. *Mass. Port Authority,* 22 LEGALITE 329, clearly spells out the duty of a garage owner under these circumstances.

There was sufficient evidence of negligence on the part of the defendant to warrant a finding for the plaintiff. There was no error. **Report dismissed.**

CURHAN & CURHAN AND JAMES W. SMITH for the plaintiff.

JAMES D. CASEY AND JAMES BOURGEOIS both of Boston for the defendant.