*Municipal Court of the City of Boston*
No. 280892

**JULIAN K. FREDIE, JR.**

**v.**

**FIRST FEDERAL PARKING CORP.**

Argued: Dec. 3, 1971 - Decided: Dec. 9, 1971

*Present:* Adlow, C.J., Gillen, Morrissey, JJ.
Case tried to *Foster, J.*

**Adlow, C.J.** Action sounding in contract or tort to recover for the loss of a 1968 Oldsmobile. **There was evidence that** on January 8, 1970,

the plaintiff parked his car in the garage of the First Federal Parking Corporation located at Winthrop Square in downtown Boston at 8 A.M. He paid his fee and received a parking ticket from the attendant on duty. The garage was a multi-level structure. On instructions from the attendant the car was parked on the upper level of the garage. It was locked by the owner who retained the key and possession of the stub of the ticket which he had received from the attendant. When the owner returned for his car at 8 P.M. the car was gone. There was a finding for the car owner for the loss of this car. Being aggrieved by the refusal to rule as requested by the defendant and by the finding for the plaintiff, the defendant brings this report.

There was no error. In the case of *Richard* v. *Massachusetts Port Authority,* 22 Legalite 229, this court emphasized the distinction between the parking of vehicles in installations of substantial proportions adapted to the accommodation of a multitude of vehicles and those open air lots which offer little more prospect of security than is afforded by curb parking. The emphasis placed by the defendant on the fact that the car was locked and the key retained by the owner is meaningless. If there was a time when locking a car connoted security, that day is gone. Today, a key as a symbol of ownership can hardly rate with the special ticket given by the attendant when the car is

parked. In giving this ticket to the plaintiff the agent of the defendant impliedly represented that the ticket would have to be shown before the car was released from the garage.

We do not agree with the contention of the defendant that the relationship between the parties was that of licensor and licensee. The installation operated by the defendant lent itself to the provision of adequate security measures for the protection of the vehicles stored with it. These vehicles are items of great value. The parking fees charged are commensurate with the responsibility assumed by the defendant, and it must exercise a caution consistent with the extent of this responsibility. *Morse* v. *Homers Inc.*, 295 Mass. 606, 609. *Stevens* v. *St. Botolph Holding Co.*, 316 Mass. 238. We have already observed in the *Richard* case that the retention of the keys by the owner does not excuse vigilance by the garage owner. *Greenberg* v. *Shoppers Garage*, 329 Mass. 31. *Hale* v. *Mass. Parking Authority*, 358 Mass. ——. While it is true that the garage owner is not an insurer, and the fact that the car was stolen raises no presumption of negligence, *Hanna* v. *Shaw*, 244 Mass. 27, the fact remains that the car was permitted to leave the defendant's building without a return of the ticket originally entrusted to the plaintiff, or any explanation for the failure of the defendant to secure its return.

There was ample evidence to warrant a finding against the defendant. **Report dismissed.**

JOHN BERNSTEIN
   for the Plaintiff
EDWARD M. PERRY
   for the Defendant