*Municipal Court of the*
*City of Boston*

No. 275139

**AMERICAN AUTO SALES, INC.,**
d/b/a Poirier Auto Leasing

v.

**MASSACHUSETTS PORT AUTHORITY**

Argued: Oct. 6, 1972 - Decided: Oct. 13, 1972

*Present:* Adlow, C.J., Gillen, Morrissey, JJ.
Case tried to *Hoag, Sp. J.*

**Adlow, C.J.** Action of tort to recover for loss of an automobile parked for a consideration at the auto park maintained by the defendant at the Logan International Airport. The defendant relied on the fact that its contract with the plaintiff constituted a mere license, wherein the plaintiff retained possession and control of the vehicle. In addition, it claimed that by reason of a stipulation printed on the stub of the ticket given to the plaintiff, the defendant assumed no responsibility for the loss or theft of the vehicle.

There was evidence that the defendant was the operator of the parking facility. It was ad-

mitted by the defendant that the facility has limited access and egress facilities, lighting fixtures and lighting, and the issuance of tickets to be returned by patrons upon exit. There were posted signs cautioning operators to lock vehicles and take their keys and tickets with them. There were, in addition, State Police Patrols on the premises; and garage employees who observed conditions. There were no individuals specifically designated to patrol the area of the garage.

Dennis Wolfe of Somerset, Massachusetts, offered evidence that he had leased the car in issue from the plaintiff; it was a 1970 Buick. On August 20, 1970 he parked this car in the defendant's garage. He did not read any of the printed matter on the ticket that was handed to him on entering, and he was not aware of the limited liability clause upon which the defendant relied. Wolfe stated that he locked the vehicle and took the keys, ticket, and registration with him. When he returned from the trip with his wife five days later, the car was missing and he notified the police at the airport. A record of missing vehicles is kept at the Airport. Over the objection of the defendant it was testified that an average of fifteen cars were stolen monthly from the facility during 1969 and 1970. In August, 1970, twenty-six cars were stolen.

While the court allowed the requests of the defendant that the evidence warranted a find-

ing for the defendant, it denied the defendant's request that it did not warrant a finding for the plaintiff. It is unnecessary to recite the many requests filed by the defendant. It is sufficient for our purposes to note that the court found the defendant was negligent in caring for the plaintiff's car; that the control of the car, when left with the defendant, was with the defendant; that the car owner was not aware of the stipulation limiting liability with respect to the car and for that reason was not bound by the stipulation. There was a finding for the plaintiff, and being aggrieved the defendant brings this report.

■■■. At the outset the report raises a question as to the propriety of the court's ruling allowing the plaintiff to offer into evidence the records indicating the number of cars lost by theft in the defendant's garage. In our opinion the care and attention required of the defendant in the operation of this facility was inextricably involved with the loss record of the facility. It goes without saying that the duty of the management was co-extensive with the risk to which patrons were exposed. In areas where the risk was negligible the duty to provide supervision was less onerous than where losses were great. What better way could the risk element be identified than by the accurate record of its losses. Considering the plaintiff had the burden of proving the negligence of the defendant, the admission of the evidence

with respect to theft had a logical tendency to establish the plaintiff's right to recover. There was no error in admitting these records.

. One who merely rents an automobile parking privilege is not a bailee of the parked vehicle and is under no duty to guard against theft or fire. Williston on Contracts, 4th Vol. 4, sec. 1065A. In this situation the custody and control remains in the owner of the vehicle, and the relationship between the lot owner and the car owner is that of licensor and licensee. *Jones* v. *Donnelly,* 221 Mass. 213, 217. [*Sewall* v. *Fitz-Inn Auto Parks,* 23 LEGALITE 209]. But this notion is limited to few situations. The householder who permits a neighbor to leave his car in his back yard permits a mere occupation of his land. In the absence of an express undertaking to watch it carefully there is no implied undertaking that he will watch it. In similar fashion, motels and business firms which provide free parking for their patrons assume no special responsibility in the absence of an express agreement. In such cases the courts have acted on the theory that the retention of the keys by the owner of the car, and the owner's freedom to come and go at will, results in a situation that negatives any assumption that the owner of the lot is under any duty to maintain vigilance over the vehicle.

 The fact that the car owner retains possession and control over the keys is not con-

clusive of the situation. It is a matter of common knowledge that a modern car thief is little embarrassed in his operations by the absence of car keys. A failure to keep this in mind has led to much confusion in legal thinking on this problem.

Where a car is brought into an enclosed area or structure which is under the control of one who, for a consideration, parks such car, there is a certain standard of care which the operator of such facility must exercise in the performance of his contract of bailment. He must use due care. *Morse* v. *Homer's Inc.*, 295 Mass. 606, 609. *Stevens* v. *St. Botolph Holding Co.*, 316 Mass. 238. [*Luby Leasing, Inc.* v. *Back Bay Auto Parks, Inc.*, 23 LEGALITE 199], and it is immaterial whether or not the keys are left in the car or kept by the car owner. *Greenberg* v. *Shoppers Garage*, 329 Mass. 31. *Butler* v. *Bowdoin Sq. Garage, Inc.*, 329 Mass. 28, 30. *Hanna* v. *Shaw*, 344 Mass. 57. *Hale* v. *Mass. Park. Auth.*, 358 Mass. 470. As a bailee for a consideration, the garage owner is obligated to use the ordinary care of a man of common prudence in keeping the car entrusted to him. *Hale* v. *Mass. Park. Authority*, 358 Mass. 470. The garage owner is not an insurer, and the fact that the car was stolen raises no presumption of negligence. *Hanna* v. *Shaw*, 344 Mass. 27. Nor will the fact that the car is locked excuse the garage man from exercising vigilance. The situation

of the garage owner is no different than that of the bank which rents safe deposit vaults. Who will deny that the renter of the vault, by reason of his possession of the key, has control and custody of the contents, and yet the security of the owner's goods depends entirely on the protection of the vaults by the bank's employees.

Implicit in the invitation of the defendants to the automobilists was an assurance that they would not only allow them to come upon their property, but would maintain surveillance over the cars stored there. Such an undertaking was not impossible from a functional viewpoint, nor prohibitive from the viewpoint of expense. With limited means of egress and ingress, it is not inconceivable that the loss ratio could be reduced radically by the maintenance of a better organized personnel. From the records showing a loss of fifteen cars monthly for the years 1969 and 1970, and for the loss of twenty-six cars in the month of August 1970, there was ample evidence to support a finding of negligence against the defendant.

As for the exculpation clause printed on the back of the ticket, the court found as a fact that the car owner was never aware of it. Being ignorant of the printed matter the court properly ruled that he was not bound by its provisions. *Sandler* v. *Commonwealth Serv. Station,* 307 Mass. 470, 472. *Kergald* v. *Armstrong Transfer Co.,* 330 Mass. 254, 257.

There was no error. **Report Dismissed.**

WELD S. HENSHAW of Boston
 for the Plaintiff

Cited: *De Mone* v. *Fitz-Inn Auto Parks, Inc.,*
22 LEGALITE 398, 47 Mass. App. Dec. 1.
*Forbro of NY., Inc.* v. *Hotel Somerset, Inc.,* 22
LEGALITE 455; 47 Mass. App. Dec. 48.
*Fredie* v. *First Federal Parking Corp.,* 23 LE-
GALITE 169; 48 Mass. App. Dec. 36. *Golka*
v. *Mass. Port Authority,* 23 LEGALITE 8;
47 Mass. App. Dec. 93. *Richard* v. *Mass. Port
Authority,* 22 LEGALITE 329; 46 Mass. App.
Dec. 110.

JOHN J. DOLON of Boston
 for the Defendant