*Municipal Court of the*
*City of Boston*

No. T-26362

### RICHARD SYLVESTER

v.

### AUDITORIUM GARAGE, INC.

Argued: Oct. 19, 1973 - Decided: Dec. 14, 1973

■■■■■■■

*Present:* Canavan, J. (Presiding), DeGuglielmo, Doerfer, JJ.

Case tried to *Lewiton, J.*

**Canavan, J.** This is an action of tort for negligence and of contract for breach of which the plaintiff seeks to recover the value of his automobile and consequential damages occasioned by its loss.

The answer of the defendant is a general denial, along with special denials that the persons at Auditorium Garage, Inc. were its agents or servants and denying any contractual consideration; and further answering contributory negligence on the part of the plaintiff and finally that the defendant performed all of its obligations and owes the plaintiff nothing.

**At the trial there was evidence tending to show:**

On May 5, 1969 at about 8:30 a.m. the plaintiff parked his automobile at the defendant's garage. The entrance area was divided into three lanes which were separated by two stalls for the use of attendants. The first and third lanes were used as an entrance and exit and the middle lane's use alternated with the volume of traffic entering or leaving. On entering, tickets were dispensed by a machine. The plaintiff took one of the tickets and proceeded up the circular two-way ramp to park his vehicle on the sixth floor of the six floor parking facility. The plaintiff parked his vehicle, hid his ticket out of sight under the front floor mat of his vehicle, closed the windows, locket the car and left it where he had parked it. He took his key with him. He attended to his business and returned around 1:00 p.m. on the same day. He went to the place where he had parked his vehicle but was unable to find it. He reported this to the attendant sitting in a booth at the exit area. He did not see any other attendant as he went through the entire garage with the defendant's employee looking for his vehicle. After searching the garage the defendant's employee notified the Boston Police of the missing vehicle. While waiting for the police to arrive the attendant said "I think I saw your car go out about an hour ago" and made reference to an antique gold colored car. The plaintiff's car was antique gold colored.

The plaintiff had been parking his vehicle at the defendant's parking facility for a period of many months and was familiar with its system of operation.

There was evidence to show that there were, at times, two attendants on duty, one assigned at all times to the entrance, and another who circulated throughout the garage observing conditions and persons and maintaining the cleanliness of the premises.

The procedure with respect to leaving the garage with a car was for the driver to present his parking ticket to the attendant at the exit; the attendant would accept the fee and the driver would then be permitted to leave. The attendant at the entrance controlled the flow of exit traffic with a traffic arm, raising it to permit vehicles to depart. A vehicle which failed to turn in a ticket when leaving was stopped and the operator was required to submit his driver's license and registration which was recorded along with the registration number of the vehicle. On the day in question, no vehicles left the premises without turning in the required ticket to the attendant.

At the entrance area, and visible to all incoming cars, there was a 4 foot by 8 foot sign on the wall which stated:

"(1)  Park and lock your own car.
"(2)  Do not leave your parking ticket in your car.
"(3)  Not responsible for fire, theft or vandalism.

"(4)  Not responsible for damages to or articles left, in cars."

The plaintiff did not recall seeing such a sign.

The parking ticket issued to each parker was in one part and it bore the following legend on one side:

"You park and lock your own car; therefore, we cannot assume responsibility for fire, theft, vandalism, or any damage to car or loss of contents, or for any personal injury from any cause." And on the other side, on which the date and time were stamped, "Lost ticket pays full charge — 50 Dalton St., Boston".

The plaintiff did not know what was printed on the parking ticket and he had never looked at the printing on any such ticket when received.

The defendant's attendant, who was on duty when the plaintiff discovered his car was missing, testified that under the system of identification in effect at the garage on the date in question, it would be possible for a person to drive in with an old car, obtain a parking ticket, and then drive out of the garage with someone else's new car by surrendering his ticket at the exit. He further testified that there were no cars, old or new, left over at the end of the day in question.

At the close of the evidence and before final arguments the defendant filed twenty-one requests for rulings, all of which were denied by

the trial judge who thereafter found for the plaintiff. In all of its requests for rulings the defendant raised the following two questions:

(1) Whether or not the relationship between the plaintiff and the defendant was that of bailor and bailee, and if so,

(2) Was the defendant negligent and therefore in breach of its contract of bailment?

Where a motor vehicle has been parked in a garage or other enclosed area and is under the control of one who charges a fee, that person is a bailee for hire. *Hanna* v. *Shaw*, 244 Mass. 57. In the case of *Hale* v. *Massachusetts Parking Authority*, 358 Mass. 470, where the plaintiff was a monthly parker in the defendant's garage and as such he made monthly payments and was assigned to a specific area and was expected to lock his vehicle after parking it and take his keys with him, the court said at page 471: "The court correctly instructed the jury that the defendant was a bailee for hire".

In the instant case the transaction between the plaintiff and the defendant was not merely the letting of space where the plaintiff might leave his automobile, as contended by the defendant. Here, because of the type of construction of the garage and the method of its operation by the defendant in controlling the flow of the exit traffic, the trial judge was warranted in finding that the defendant had control of the plaintiff's car and was a bailee

for hire. It is immaterial whether the car is locked and the keys are kept by the car owner.

As a bailee for a consideration, the defendant is not an insurer of the property received, but would be liable for damage or loss of the bailed property if this resulted from a failure-to exercise that degree of care which would reasonably be expected from an ordinarily prudent person in similar circumstances. *Stevens* v. *Stewart-Warner Speedometer Corp.,* 223 Mass. 470. *Hanna* v. *Shaw,* 244 Mass. 57. *Morse* v. *Homer's Inc.,* 295 Mass. 606, 609. *Butler* v. *Bowdoin Sq. Garage, Inc.,* 329 Mass. 28, 30. *Greenberg* v. *Shoppers' Garage, Inc.,* 329 Mass. 31, 35. *Hale* v. *Mass. Parking Authority,* 358 Mass. 470. Whether such care was exercised in this case was a question of fact for the trial judge's determination.

The plaintiff urges that we apply to this case the rule announced in *Knowles* v. *Gilchrist Co.,* 1972 Mass. Adv. Sh. 1783, that, "Once the bailor provides delivery of the property to the bailee in good condition and the failure to redeliver upon timely demand, the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction." It is not necessary for us to consider whether the burden-of-proof rule established by the *Knowles* case may properly be applied in this case since the reported evidence warranted a

finding of negligence on the part of the defendant under pre-existing rules applied in earlier cases.

The trial judge could have found the defendant negligent in using a system referred to as a single ticket system. Under this system, anyone entering the garage would take a parking ticket from the machine and could use that ticket to drive out of the garage with any other car parked therein by simply surrendering the ticket at the exit. Something more is required to be able to identify the vehicle leaving the garage, such as a split ticket system, under which one-half of the ticket is given to the operator of the motor vehicle upon entering the garage and the other half is retained by the garage keeper, with the registration number of the parked vehicle on each part of the split ticket. This system would more properly ensure that the driver of an automobile leaving the garage was the true bailor of the motor vehicle.

The trial judge could have found the defendant negligent in its failure to maintain adequate security devices in not providing enough personnel to prevent unauthorized persons from being on the premises and from breaking into and removing the plaintiff's car. *Wright* v. *Heil Equipment Co.*, 357 Mass. 74. *Hale* v. *Mass. Parking Authority*, 358 Mass. 470.

The trial judge could also have found the defendant negligent within *Bean* v. *Security*

*Fur Storage Warehouse Co.,* 344 Mass. 674, where the receipt of a bailed chattel by the defendant and its disappearance while in the possession of the defendant, with no explanation for its disappearance, will permit a finding that the defendant was negligent.

The court was warranted in finding that the plaintiff's leaving the parking ticket under the front floor mat in no way contributed to the theft of his car. The plaintiff could not forsee some unauthorized person breaking into his car and stealing it. His leaving the ticket under the mat was a mere condition or attendant circumstance which did not bar his recovery. *Scranton* v. *Crosby,* 298 Mass. 15. *Stamas* v. *Fanning,* 345 Mass. 73.

The trial judge found as a fact that the plaintiff was not aware of the exculpation clause on the back of the parking ticket, or on the sign at the entrance to the garage, not having read either one. The judge properly found that being ignorant of the printed matter, the plaintiff was not bound by either of its provisions. *Sandler* v. *Commonwealth Station Co.,* 307 Mass. 470-472. *Kergald* v. *Armstrong Transfer Express Co.,* 330 Mass. 254-7.

There was no error in the denial of the rulings requested by the defendant. **Report Dismissed.**

John P. Bourgeosis of Boston
    for the Plaintiff cited: *Forboro of New York,*

*Inc.* v. *Hotel Somerset, Inc.,* 47 Mass. App. Dec. 48. *Demone* v. *Fitz Inn Auto Parks,* 47 Mass. App. Dec. 1. *Richard* v. *Mass. Port Authority,* 46 Mass. App. Dec. 110.

RICHARD S. KELLEY

for the Defendant cited: *Ravisini* v. *Auditorium Garage Inc.,* 42 Mass. App. Dec. 89. *Golka* v. *Mass. Port Authority,* 47 Mass. App. Dec. 93.