WALDOR REALTY CORP. *vs.* PLANNING BOARD
OF WESTBOROUGH.

Worcester.    October 11, 1968. — October 31, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, &
REARDON, JJ.

*Subdivision Control.   Equity Pleading and Practice,* Admission of facts,
Case stated, Taking bill for confessed, Decree, Amendment.   *Words,*
"Subdivision."

Upon the filing of an answer in a suit in equity merely calling upon the
plaintiff to prove the allegations in its bill and an admission by the de-
fendant of the essential facts under G. L. c. 231, § 69, the case stood as
in effect a case stated, the plaintiff's motion for a final decree on the
pleadings was properly allowed without the filing of a preliminary
motion by it to take the bill pro confesso, and the only duty of the trial
judge was to enter the correct decree upon such admitted facts.   [640]
No abuse of discretion appeared in a suit in equity in denial of the defen-
dant's motion to amend its answer.   [640]
A plan showing a division of land in a town into nineteen "lots abutting
both sides of . . . a public way," each lot having the frontage on the
way and the area required by the town's zoning by-law, did not por-
tray a "subdivision" within G. L. c. 41, § 81L, and upon submission
of the plan to the town planning board it should have endorsed thereon
under § 81P that approval of the plan under the subdivision control law
was not required, even if a subdivision plan of an area larger than but
including the area of the nineteen lots had previously been filed with
the board and had been disapproved by it and an appeal from such
disapproval was pending in the Superior Court.   [641]

BILL IN EQUITY filed in the Superior Court on August 28,
1967.

The suit was heard by *Hennessey, J.*

The case was submitted on briefs.

*Robert R. Gabriel* for the defendant.

*Eugene L. Tougas* for the plaintiff.

CUTTER, J.   The plaintiff (Waldor), by this appeal to the
Superior Court under G. L. c. 41, § 81BB, seeks to require the

Westborough planning board (the board) to endorse upon a subdivision plan (subdivision plan B), filed with the board by Waldor, that approval of the plan under the subdivision control law is not required. The board's answer in effect merely called upon Waldor to prove the allegations in its bill. Thereupon Waldor filed a notice to admit certain facts. These the board promptly admitted.

Upon these admissions, in effect a case stated, Waldor moved for a final decree upon the pleadings. The trial judge allowed Waldor's motion and denied the board's motion to amend its answer to assert in effect (a) that, prior to Waldor's filing of subdivision plan B, Waldor had filed a subdivision plan (subdivision plan A) of a larger area, including the area covered by subdivision plan B; (b) that the board had disapproved subdivision plan A; and (c) that an appeal by Waldor was pending in the Superior Court from such disapproval. A final decree (1) determined that the board had exceeded its authority in refusing to endorse subdivision plan B as not requiring approval under the subdivision control law, and (2) directed the board to make such an endorsement. The board appealed.

1. The board first contends that Waldor should have moved to take the bill pro confesso before moving for a final decree upon the admitted facts. We perceive no reason for requiring Waldor to take a futile step. The facts admitted by the board pursuant to the notice to admit facts under G. L. c. 231, § 69 (as amended through St. 1946, c. 450), became binding upon the board until and "unless . . . relieved therefrom by the court for cause shown." See *Krinsky* v. *Pilgrim Trust Co.* 337 Mass. 401, 408. So long as the admissions were binding upon the board, the admitted facts were established as fully as by a statement of agreed facts. The only duty of the trial judge (where no other facts had been established) was to enter the correct final decree upon those admitted facts. See *Saphier* v. *Devonshire St. Fund, Inc.* 352 Mass. 683, 684.

2. Denial of a motion to amend normally is addressed to a trial judge's discretion. See *Charity* v. *Yates, ante,* 275,

276.   Even if the amendment had been allowed and the board had established that the area covered by subdivision plan B was included in the area of subdivision plan A, the subdivision control law does not in terms preclude an owner from filing a second subdivision plan covering a part of the area covered by an earlier plan rejected by a planning board.[1]   Chapter 41, § 81L (as amended through St. 1965, c. 61, see St. 1963, c. 580), provides, in part, that "the division of . . . land into two or more lots shall not . . . constitute a subdivision within the meaning of the subdivision control law if . . . every lot . . . has frontage on . . . a public way . . . ."[2]   The facts admitted establish (a) that subdivision plan B shows "lots abutting both sides of Bowman Street, a public way"; and (b) that each of nineteen lots had a frontage of at least 125 feet and an area of at least 15,000 feet as required by the town zoning by-law in effect on August 10, 1967, for a residential area such as that covered by subdivision plan B.   Accordingly, subdivision plan B did not portray a "subdivision" as the term is used in § 81L, and it should have been endorsed as requested by Waldor.   See G. L. c. 41, § 81P (as amended through St. 1963, c. 363, § 1).

*Decree affirmed.*

---

[1] The board in its brief refers to no statutory provision or decision which prevents the filing of such a second plan.

[2] The frontage is required by § 81L (see § 81L, as amended by St. 1956, c. 282) to "be of at least such distance as is then required by" the applicable zoning by-law, with a minimum distance of twenty feet.