WILLIAM HALE *vs.* MASSACHUSETTS PARKING AUTHORITY.

Suffolk.   November 6, 1970. — December 30, 1970.

Present: TAURO, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Bailment.   Negligence,* Bailee.

In an action against the proprietor of a garage as a bailee for hire to re-
cover for theft of the plaintiff's automobile, evidence that two days
after he had parked and locked it in the garage someone drove it up
to an exit booth, stated to the attendant that he did not have the
monthly parking plate and ticket required for leaving, and sped away
when the attendant pressed a buzzer to summon the manager, that the
police were not notified of the incident until approximately four hours
later when the plaintiff sought his automobile, and that no barrier was
present to prevent automobiles from leaving the garage without au-
thority, warranted a finding of negligence on the part of the proprietor.

CONTRACT OR TORT.   Writ in the Superior Court dated
August 10, 1965.

The action was tried before *Hale, J.*

*Vincent J. Panico* for the plaintiff.

*Damiel S. Fram* for the defendant.

TAURO, C.J.   In this action of contract or tort the plain-
tiff had a verdict which was recorded under leave reserved.
On motion of the defendant a verdict for the defendant was
entered subject to the plaintiff's exception.   This presents
the sole issue in the case.

The evidence is summarized: The plaintiff was a monthly
parker in the defendant's garage and as such, he made
monthly payments.   He was furnished with a decal to be
exhibited on the vehicle to identify his status each time he
left the garage.   As an additional security measure he was
given a parker's plate to display upon leaving.   The plain-
tiff was assigned to a specific area and was expected to lock
his vehicle after parking and take his keys with him.

On November 11, 1964, the plaintiff parked and locked
his car in a section reserved for monthly parkers.   On

November 13, at 8:30 P.M., someone drove up to the exit booth in the plaintiff's automobile. There was a decal on the window of the car indicating that the owner was a monthly parker. The attendant asked the driver for his monthly parking plate and for a ticket that is issued to all incoming cars. The driver stated that he did not have them. The attendant became suspicious and told the driver to pull over. He pressed a buzzer to summon the night manager, whereupon the car sped away. There was no barrier or any other device to prevent vehicles from leaving the garage. The attendant and manager did nothing further and returned to their duties. The manager took no action because he thought the driver might be the owner. About 12:30 A.M., November 14, the plaintiff appeared at the garage and discovered his vehicle missing. He immediately informed the manager, who told the plaintiff what had happened earlier. At this point the police were called for the first time. The police officer who responded to the call testified that as soon as the police are called on the theft of an automobile, they immediately send out an alert to all points to watch for the missing car.

The question is whether the evidence in its aspect most favorable to the plaintiff can be found to support the elements essential to the plaintiff's cause of action. *O'Brien* v. *Myers*, 354 Mass. 131, 132.

The court correctly instructed the jury that the defendant was a bailee for hire. As such it would be liable for loss of the bailed property if this resulted from a failure to exercise that degree of care which would reasonably be expected from an ordinarily prudent man in similar circumstances. *Butler* v. *Bowdoin Square Garage, Inc.* 329 Mass. 28, 30.

We think that the evidence presented a case for jury consideration. This court has stated that the receipt of a bailed chattel by the defendant and its disappearance while in the possession of the defendant, with no explanation for its disappearance, will permit a finding that the defendant was negligent. *Bean* v. *Security Fur Storage Warehouse, Inc.* 344 Mass. 674. In the instant case the jury had sufficient

grounds to find the defendant negligent. They could have found that the defendant was negligent in neglecting to notify the police for approximately four hours after the theft. They could also have found the defendant negligent in its failure to maintain adequate security devices, either to prevent a thief from breaking into a customer's car, or to prevent the exit of a car when the driver failed to produce proper identification.

Where employees of a garage observed someone who looked like the plaintiff's servant leaving the garage with the plaintiff's vehicle, and did nothing, this court held that a finding of the defendant's negligence was warranted. *D. A. Schulte, Inc.* v. *North Terminal Garage Co.* 291 Mass. 251. In another case where the proprietor of a parking lot observed a stranger leaving with the plaintiff's vehicle over a curbing instead of through the regular driveway, and did nothing, it was held that a finding of the defendant's negligence was warranted. *Doherty* v. *Ernst,* 284 Mass. 341.

The defendant was a bailee for hire and as such was not an insurer for the safety of property left in its custody. But it was bound to "exercise that degree of care which may reasonably be expected from ordinarily prudent persons in similar circumstances." *Greenberg* v. *Shoppers' Garage, Inc.* 329 Mass. 31, 35. Whether such care was exercised in this case was a question of fact for jury determination.

The court erred in entering a verdict for the defendant under leave reserved.

*Exceptions sustained.*
*Judgment to be entered for the*
*plaintiff on the verdict*
*returned by the jury.*