*Municipal Court of the
City of Boston*
No. 203268

**FORBRO OF NEW YORK, INC.**

**v.**

**SAMUEL COFFMAN, et al**

Argued: Apr. 27, 1973 - Decided: Sept. 19, 1973

*Present:* Lewiton, C.J., Morrissey, Canavan, JJ.

Case tried to *Glynn, J.*

**Morrissey, J.** This is an action of contract

or tort against a hotel owner and the operator of a garage for hire for failure to return an automobile stored with it. The trial justice made a finding for the defendant, Hotel Somerset and found for the plaintiff against the defendant Samuel O. Coffman d/b/a Coffman Auto Parks.

**There was evidence that** on December 7, 1967, Kenneth Kupferberg, secretary of the plaintiff corporation, on a business trip, drove a 1966 Cadillac Sedan owned by the plaintiff, from New York City to Boston. Upon his arrival in Boston he left his baggage at the registration desk of the Hotel Somerset. Then at about 6:50 p.m., he proceeded to drive to the garage adjacent to the hotel, which garage was then being operated by the defendant Coffman. There was an automatic machine at the garage entrance and Mr. Kupferberg took a ticket from the machine, and proceeded to park the automobile in a lined stall at Level F. of the garage. He locked the automobile and took his keys. He wrote "Area F" on the back of the ticket. He testified that he did not read the ticket, which states:

> "The owner and operator are not responsible for loss or damage to automobile or personal property left in parked car."

On the following evening, December 8, 1967, Mr. Kupferberg returnd and found the automobile missing. The parking lot attendant at the garage helped to search for the vehicle.

The loss was reported to the night manager of the Hotel Somerset and to the Boston Police. Mr. Kupferberg testified that the vehicle has never been recovered. Mr. Kupferberg testified that while looking for his car he observed vehicles exiting from the garage and that their operators were stopping and paying a fee to an attendant after surrendering a ticket.

The defendant filed requests for rulings as follows:

"1. The evidence does not warrant a finding that the defendant, his agents, or servants, [were] negligent.

"2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

"3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

"4. As a matter of law, the defendant breached no legal duty owed by him to the plaintiff."

The court denied all of the requests and made the following findings of fact:

"I find that the plaintiff's agent drove his car into the defendant Coffman's parking area, took a parking ticket for his car, parked and locked the car, retained the ticket and left the car in the custody of

the defendant Coffman. The parking fee was to be paid when the plaintiff was leaving the parking space. I further find that the plaintiff's agent did not read the restrictions on the ticket and the plaintiff was not bound by the restrictions printed thereon. The next day when the plaintiff returned for his car, it was missing and reported stolen.

The defendant Coffman is not an insurer of the plaintiff's property but the plaintiff was owed the duty that his car would be reasonably and adequately protected by the bailee for hire and I find that the bailee was negligent and breached its contract with the plaintiff and is liable to the amount of $4,300.00.

I find no liability as to the defendant Hotel Somerset, Inc.''

Our Supreme Judicial Court has made it abundantly clear that the operator of a parking garage who, for a consideration, permits cars to be parked in his garage, enters into a contract of bailment with those who so use his premises, even in the case where the owner of a car locks the same and takes his keys with him. *Butler* v. *Bowdoin Sq. Garage, Inc.*, 329 Mass. 28, 30. *Greenberg* v. *Shoppers Garage Inc.*, 329 Mass. 31. *Hale* v. *Mass. Parking Authority*, 358 Mass. 470.

The evidence in this case was sufficient to warrant the finding by the trial court that the

storage of the plaintiff's automobile in the garage operated by the defendant was a bailment for hire. Moreover, in the briefs and arguments submitted to this Appellate Division, counsel for both parties agreed that the status of the defendant Coffman was that of a bailee for hire. Consequently, the only substantial issue raised in this review is whether the evidence warranted a finding that the loss of the plaintiff's vehicle was caused by negligence on the part of the defendant Coffman, or his agents or servants.

As a bailee for hire, the garage operator was obligated to exercise that degree of care with respect to the bailed property which would reasonably be expected from an ordinarily prudent man in similar circumstances. *Hale* v. *Mass. Parking Authority,* 358 Mass. 470, 471. *Butler* v. *Bowdoin Square Garage, Inc.,* 329 Mass. 28, 30. *Greenberg* v. *Shoppers' Garage Inc.,* 329 Mass. 31, 35. For loss or damage to the bailed property resulting from a failure to exercise the required degree of care, the bailee for hire is responsible. *Hale* v. *Mass. Parking Authority,* 358 Mass. 470. *Butler* v. *Bowdoin Square Garage, Inc.,* 329 Mass. 28.

The plaintiff urges that we apply to this case the rule recently announced by the Supreme Judicial Court in the case of *Knowles* v. *Gilchrist Co.,* 1972 Mass. Adv. Sh. 1783, at page 1792, to the effect that, "once the bailor proves delivery of the property to the bailee

in good condition and the failure to redeliver upon timely demand, the burden. of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction''. The defendant argues that since the trial of this case occurred before the *Knowles* case was decided by the Supreme Judicial Court, the new rule announced therein should not be applied retrospectively to the case at bar. It is not necessary for us to consider whether the burden-of-proof rule established by the *Knowles* case may properly be applied retroactively, since ·the reported evidence warranted a finding of negligence on the part of the defendant even under pre-existing rules applied in earlier cases.

Thus, in the case. of *Bean* v. *Security Fur Storage Warehouse Co.*, 344 Mass. 674, the Supreme Judicial Court said, at page. 676: ''While the burden of proving negligence would continue to rest upon the plaintiff the receipt of the coat by the defendant and its disappearance while in the possession of the defendant, which offers no explanation of the disappearance, would permit a finding that the defendant was negligent . . . . this means that the burden of going forward with the evidence falls· upon the defendant.''

See also, *Hale* v. *Mass. Parking Authority*, · 358 Mass. 470, 471 (where the court .held that the defendant could have been found negligent

in failing to maintain adequate security devices to prevent the removal of a parked car by unauthorized persons). *Knowles* v. *Gilchrist Co.*, 1972 Mass. Adv. Sh. 1783, 1787-88.

In the case at bar, there was no evidence that there was any barrier or attendant, or any other security device or means, present at or near the exit of the defendant's garage at any time during the period between 6:50 p.m. on December 7, 1967, when the plaintiff's motor vehicle was left at the garage and the evening of December 8, 1967, when it was found to be missing, except for the period during which the plaintiff's agent was looking for the vehicle on the evening of December 8. Certainly, a person leaving his motor vehicle with a bailee for hire is entitled to assume that there would be some safeguard, either in the form of a barrier or a human observer, to guard against the removal of the vehicle by an unauthorized person. The absence of any evidence of any such barrier or attendant at the exit of the defendant's garage during a period of 24 hours or more, and the disappearance of the plaintiff's vehicle from the garage during that period, without any explanation whatever being offered therefor by the defendant, warranted the trial court's finding of negligence on the part of the defendant.

As to the exculpation clause on the back of the ticket, the court found as a fact that the car owner was never aware of it. Being

.ignorant of the printed matter, the court properly ruled that he was not bound by its provision. *Sandler* v. *Comm. Service Station,* 307 Mass. 470, 472. *Kergold* v. *Armstrong Transfer Co.,* 330 Mass. 254, 257.

It follows, therefore, that there was no error in the denial of the rulings requested by the defendant. **Report dismissed.**

EDWIN R. TRAFTON and ROBERT T. OKEN
  for the Plaintiff
JAMES B. DOLAN
  for the Defendant