AMERICAN AUTO SALES, INC. *vs.* MASSACHUSETTS PORT AUTHORITY. March 21, 1974. The defendant appeals from an order of the Appellate Division dismissing the report in an action in contract or tort to recover the value of an automobile stolen from the defendant's public parking garage at Logan International Airport. The automobile was leased by the plaintiff to one Wolfe who had parked it in the garage and locked it. The count in contract was waived (see *Fairfield's Motors, Inc.* v. *Fitz-Inn Auto Park, Inc.* 1 Mass. App. Ct. 833, 834 [1973], where no recovery was allowed in contract for a lessor who was not a party to his lessee's contract for bailment). The action in tort is based upon the defendant's alleged negligent failure to safeguard the automobile against theft. The judge in the Municipal Court of the City of Boston entered a finding for the plaintiff and reported his admission of certain evidence and his denial of certain rulings to the Appellate Division. It was within the trial judge's discretion to admit testimony by a police officer assigned to the airport as to the number of automobiles stolen from the defendant's garage during the month of the theft and during prior months. It was relevant to show that the condition in which the garage was

operated permitted thefts in substantial numbers, and there was no indication that this condition had changed. See *Robitaille* v. *Netoco Community Theatre of No. Attleboro, Inc.* 305 Mass. 265, 266-269 (1940); *Denton* v. *Park Hotel, Inc.* 343 Mass. 524, 527-528 (1962). The requested rulings were to the effect that a finding for the plaintiff was not warranted. We conclude that they were rightly denied since the evidence supports a finding for the plaintiff. Although the defendant contends it owed neither Wolfe nor the plaintiff a duty of due care as to the automobile, the trial judge could have found that the defendant was a bailee for hire and was under a duty to exercise reasonable care to prevent the theft of the automobile. See Martin and Hennessey, Automobile Law and Practice, § 304, n. 231, and cases cited. We are persuaded that the evidence in this case supports the same ruling as in *Hale* v. *Massachusetts Parking Authy.* 358 Mass. 470, 471-472 (1970), where the court found an owner of a park-and-lock garage liable as a bailee for hire to the owner of an automobile stolen from the garage because of its negligent failure to ensure adequate security during the bailment. Lack of contractual relation with the defendant should not bar the plaintiff from recovering in tort where, as here, it was foreseeable that the owner of the automobile would be the principal loser in the event of theft due to the negligence of the defendant during the bailment. *Craig* v. *Everett M. Brooks Co.* 351 Mass. 497, 501 (1967). See Prosser, Torts (4th ed.) § 93, pp. 622-623. Compare *Ultramares Corp.* v. *Touche,* 255 N.Y. 170, 179 (1931). Other issues raised by the defendant before the Appellate Division have not been argued. We treat them as waived. Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 (1972). *Ryan* v. *Brennan,* 1 Mass. App. Ct. 469, 475 (1973).

*Order dismissing report affirmed.*

*John J. Dolan* for the defendant.

*L. William Law, Jr.,* for the plaintiff.