MICHELE P. GATTOZZI & another *vs.* DIRECTOR OF INSPECTION SERVICES OF MELROSE & another. June 14, 1978. 1. It was error to overrule the plaintiffs' objections to the master's report and to allow the defendants' motion to adopt that report in view of the absence of a finding by the master with respect to the single question of fact stipulated by the parties to be determinative of the question whether building permits could lawfully be issued for three dwellings on the subject

land: namely, whether Windsor Street Extension, shown on exhibit 1 as a 10 foot wide right of way connecting Howard Street and Windsor Street, is a way within the meaning of the Subdivision Control Law (see G. L. c. 41, § 81L) and the Melrose zoning ordinance. The plaintiffs' motion for recommittal for the purpose of securing such findings should have been allowed. See *Turgeon* v. *Turgeon*, 326 Mass. 384, 386 (1950). 2. The planning board's endorsement, "approval not required," on the plan dividing the land in question into three lots gives the lots no standing under the zoning ordinance. *Alley* v. *Building Inspector of Danvers*, 354 Mass. 6, 7-8 (1968). The finality of such an endorsement for purposes of the Subdivision Control Law (see *Cassani* v. *Planning Bd. of Hull*, 1 Mass. App. Ct. 451 [1973]) has no bearing on compliance with zoning requirements. 3. Without passing on the question whether laches can be a defense against an action in the nature of mandamus to require a building inspector to enforce the zoning ordinance (compare *Chilson* v. *Zoning Bd. of Appeal of Attleboro*, 344 Mass. 406, 410 [1962], with *McAleer* v. *Board of Appeals of Barnstable*, 361 Mass. 317, 323 [1972]), we think that the master's finding of laches cannot be sustained as a conclusion from the stated subsidiary findings. See *Brady* v. *Board of Appeals of Westport*, 348 Mass. 515, 517-523 (1965). A finding of laches in inherently general or conclusory in nature, although labelled as subsidiary, and the plaintiffs are at least entitled to recommittal for the purpose of having any unreported findings underlying the general finding of laches set out in the master's report. *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 282-283 (1976). 4. The judgment is reversed, and the case is to stand for further proceedings not inconsistent herewith.

*So ordered.*

*Gerard D. Goldstein* (*Anthony D. Martin* with him) for the plaintiffs.
*Elihu Perlman* for Procopio Construction Company.
*Donald L. Conn*, City Solicitor, for Director of Inspection Services of Melrose, submitted a brief.