WILLIAM DUHAIME & another[1] *vs.* PLANNING BOARD OF MEDWAY. July 3, 1981. Adjoining 22,900 square feet of land which they own in Medway, the plaintiffs also own 50,600 square feet of land in Holliston. The plaintiffs had acquired the aggregate 73,500 square feet by a deed which referred to a recorded plan of the entire parcel dated October 31, 1938. It is possible to deduce from the record that, as described in 1938, the entire lot had frontage on Hill Street, a public way in Medway, of approximately 150 feet. The minimum frontage required in Medway at the locus for a house lot, under a zoning by-law adopted by that town in 1952, was 180 feet. Medway also requires a minimum lot of 44,000 square feet in the zoning district in which the locus is situated. In December, 1979, the plaintiffs filed a plan of so much of the locus as was in Medway with its planning board for purposes of obtaining an endorsement that subdivision approval was not required. See G. L. c. 41, § 81P. The board refused to endorse the plan and the plaintiffs appealed under G. L. c. 41, § 81BB. See *Waldor Realty Corp.* v. *Planning Bd. of Westborough*, 354 Mass. 639 (1968); *Gifford* v. *Planning Bd. of Nantucket*, 376 Mass. 801, 802 n.3 (1978). Upon the plaintiffs' motion for summary judgment, a Superior Court judge ruled that they were entitled to the § 81P endorsement. From the ensuing judgment, the board has appealed.

Both parties have assumed that the case turns on whether the planning board of Medway may require the plaintiffs to use land in another town

---

[1] While the appeal was pending, a motion was allowed substituting Jon A. Hanshus and Peggy G. Hanshus, who had purchased the land in question, as the plaintiffs-appellees.

to satisfy the dimensional requirements of Medway's zoning law. In so doing they have failed to recognize that, under G. L. c. 41, § 81L, the only pertinent dimension for determining whether a perimeter plan depicts a *subdivision is frontage*. Since the only frontage on a public way that the plaintiffs' entire lot has is in Medway, the inclusion or exclusion of the portion of the lot in Holliston is of no consequence to the question of whether the plan requires approval under the Subdivision Control Law. Because the lot was recorded prior to the adoption of Medway's zoning by-law and met *the minimum requirements of G. L. c. 40A, § 6, as appearing in St. 1975, c. 808, § 3*, it was entitled to the "grandfather status" conferred by the fourth paragraph of that statute and by section V E 3 of the Medway zoning by-law. Accordingly, the frontage of the lot was "at least such distance as . . . required by zoning . . . by-law," G. L. c. 41, § 81L, and a plan of *the lot was entitled to endorsement that subdivision approval was not required. Gallitano v. Board of Survey & Planning of Waltham*, 10 Mass. App. Ct. 269, 270 (1980). Such an endorsement gives the lot shown on the plan no standing under the applicable zoning by-law. *Gattozzi v. Director of Inspection Servs. of Melrose*, 6 Mass. App. Ct. 889, 890 (1978). Indeed, the plan may disclose a zoning violation. *Smalley v. Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 601-604 (1980). Whether the plaintiffs may seize on the Medway-Holliston town line to create an undersized lot rather than retaining the Holliston land so as to satisfy the area requirements of Medway, is a question not, in the absence of zoning action by Medway, properly before us. Parenthetically, see the discussion of artificial lot dimensions in *Heald v. Zoning Bd. of Appeals of Greenfield*, 7 Mass. App. Ct. 286, 289-292 (1979). See also *Brookline v. Co-Ray Realty Co., Inc.*, 326 Mass. 206 (1950), in which the use of land in a bordering municipality to meet rear yard requirements was thwarted only by preclusive provisions of the by-law of the adjoining town.

*Judgment affirmed.*

A. T. *Handverger* for the defendant.
Ralph C. *Copeland* for the plaintiffs.