Turcotte, P. J.
The trial judge found for the plaintiff in the sum of $2200.00. There were no pleadings made part of the report, but it states the defendant answered there was no bailment and the damage was caused by third persons for whose conduct the defendant was not answerable. The defendant claims to be aggrieved by several rulings including the ruling that the plaintiff and the defendant entered into a bailment with reference to plaintiffs automobile. The report contains all the evidence material to the questions reported. The evidence can be summarized as follows: The defendant rents garage space and apartments to the public on a regular basis. He also uses some of the garage space for storage for himself. In November of 1981, the parties agreed on a monthly rent for garage No. 9 in order that the plaintiff might park his automobile there. The garage had bays or stalls in groups of three, each being separated from adjoining space in the groups of three by chicken wire, and having an individual overhead door at the front. Bay No. 9 was so partitioned. The plaintiff changed the lock on the door on No. 9, and gave the key to the defendant. The plaintiff checked his car in' April of 1983 and found it in bay No. 10. The car had been vandalized. The windows were broken and the body was dented; trunk lock ignition wires and battery were missing. The market value of the car was $2200.00. The plaintiff at all times had the only set of keys for the car.
Rent is consideration paid for the use and occupation of property. Whiting Paper Company v. Holyoke Water Power Company 276 Mass. 542 (1931). Rent ordinarily means an amount paid for use and occupation of premises. Worcester Masonic Charity and Educational Association v. Assessors of Worcester 326 Mass. 409 (1950). “A bailment by definition arises only upon delivery of possession of the property sought to be bailed, and at least some degree of control over that property to the Putative bailee.” Sewall v. Fitz-Inn Auto Parts Co., Inc. 3 Mass. App. Ct. 380 (1975). The evidence reported was a *98 rental payment for the use and occupation of property rather than a delivery of property to another. We recognize that the word rent can be a misnomer. However, where this report was prepared by the party claiming to be aggrieved and signed by the trialjudge after having given the prevailing party a right to a hearing on the contents of that report, we conclude the word rent was purposefully used in accordance with its usual and ordinary meaning as an amount paid for the use and occupation of the premises.[1]
If the word rent is construed to mean a fee paid for this arrangement between the parties, the evidence does not support the ruling that there was a bailment. With automobiles the delivery of car keys can be a delivery of possession and control to create a bailment, and if there is an enclosed parking area where access is controled by the owner or an attendant even without a delivery of keys there can be a bailment. Hale v. Massachusetts Parking Authority 358 Mass. 470 (1970). The plaintiff kept his keys and there was no evidence of security measures or an appearance of exercising security measures for the plaintiffs vehicle, Sewall v. Fitz-Inn Auto Parts Co., Inc. supra.
If there had been a bailment the defendant would have assumed responsibility for the automobile and would have a legally enforceable duty to exercise reasonable care to safeguard it.
Since there was an error in ruling that there was a bailment between the parties, judgment is entered for the defendant.
Judge McGuane dissents without

 “The report is the document which officially states to the satisfaction of the trialjudge, the issues that will be presented to the Appellate Division.... It is critical to note that while the report as' settled ... is that of the trialjudge, and while it is the duty of the trialjudge to see that the report' contain a summary of all the material evidence and facts in order to present fairly the questions of law reported and to permit a full understanding of them, any deficiency in the report will be to the detriment of the party who requested the report. Th us care must be taken by that party to see that the report, as signed by the trialjudge is complete.” PERLIN AND CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS, Chapter 11. The party who has prevailed has a responsibility to point out to the judge where the report prepared for the judge by the requesting party is inaccurate and incomplete in order that the judge may be upheld, and not appear to have committed error.