Laura Creedon (mother) appeals from an amended contempt judgment that, relevant here: (1) found William Comeau (father) not guilty of civil contempt for his failure to maintain a certain life insurance policy naming their child as a one-third beneficiary; and (2) ordered the father to name their child as a one-third beneficiary under a replacement policy having a reduced benefit (as compared to the father's original policy).[2] "[I]n order to find a defendant in civil contempt there must be a clear and unequivocal command and an equally clear and undoubted disobedience." Larson v. Larson, 28 Mass. App. Ct. 338, 340 (1990). It is the complainant's burden to prove disobedience by clear and convincing evidence. Birchall, petitioner, 454 Mass. 837, 852-853 (2009). We review the judge's ultimate conclusion on the contempt finding for abuse of discretion. See K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014). We perceive no abuse in this case.
Although the mother argues that the 2006 contempt judgment constitutes a clear and unequivocal order, the judge properly could have found otherwise. We note, for example, that the death benefit provided under the father's original, employer-provided life insurance policy varied from time to time, apparently based on the father's actual earned income as a corrections officer. Moreover, nothing in the 2006 contempt judgment specifies that the father was to maintain a given death benefit level. Perhaps more importantly, the 2006 contempt judgment appears to have been superseded by the 2008 modification judgment, which increased the father's child support obligation but notably omits any mention of the father's obligation to maintain the employer-provided life insurance policy. Also notably, the parties stipulated, in the 2008 modification judgment, that they anticipated that the father would soon retire. It was shortly thereafter, in September, 2008, that the father's life insurance policy lapsed (or was reduced to minimum levels) and the mother, as trustee for the child, ceased to be named as a beneficiary under that policy.
Given such facts, the judge properly could have inferred that the parties, in their 2008 stipulation (incorporated into the 2008 modification judgment), intended, in light of the father's anticipated retirement, to relieve the father of his obligation to maintain the employer-provided life insurance policy and the child's status as a one-third beneficiary under that policy. More to the point for present purposes, such facts strongly suggest that the 2008 modification judgment was itself ambiguous and also rendered the 2006 contempt judgment ambiguous such that there existed no sufficiently "clear and unequivocal" order to permit a conclusion that the father's failure to maintain his original, employer-provided life insurance policy with the child as a one-third beneficiary constituted an "undoubted disobedience." Larson v. Larson, supra.
The mother does not challenge the judge's authority to order the father to name the child as a one-third beneficiary under his replacement life insurance policy. See G. L. c. 209C, § 9(a ) ; G. L. c. 209C, § 20 ; Taverna v. Pizzi, 430 Mass. 882, 884 (2000). Compare G. L. c. 208, § 36. Instead, liberally construed, the mother suggests that the replacement policy's death benefit should have been greater. Upon the record before us, we cannot say that the judge improperly concluded that the father's replacement life insurance policy adequately secured the father's future support obligations or that the judge otherwise abused his discretion. Compare Pare v. Pare, 409 Mass. 292, 300 (1991) (whether to enter an order requiring party to provide security, "as well as the specific form that any order or orders should take, are matters within the judge's broad discretion, to be exercised upon consideration of all relevant circumstances").
Amended judgment entered December 29, 2016, affirmed.

We do not address the mother's claim, made below and addressed in the amended judgment, that the father failed to pay child support for a certain period, because the mother has not made any argument on appeal pertaining to that claim. See American Auto Sales, Inc. v. Massachusetts Port Authy., 2 Mass. App. Ct. 805, 806 (1974) ; Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).